[602 NYS2d 553]

In the Matter of DENNIS C. COLLINS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 30, 1993

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Westbury *(Chris G. McDonough* of counsel), for petitioner.

*Kase & Druker,* Garden City *(John Lawrence Kase* and *Paula Schwartz Frome* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with five allegations of professional misconduct. The Special Referee sustained Charge Five but did not sustain Charges One, Two, Three and Four. The Special Referee found the witnesses' testimony with respect to Charges One through Four to be incredible. The petitioner now moves to confirm the report of the Special Referee to the extent that it sustained Charge Five and to disaffirm the report to the extent that it failed to sustain Charges One, Two, Three and Four. The respondent cross-moves to confirm the report of the Special Referee.

Charge Five alleges that the respondent, by placing client funds in a safe deposit box along with other funds or property, failed to properly segregate client funds. The respondent admitted to receiving the cash proceeds of a Long Island Lighting Company check, which he knew represented a refund due to his client. The respondent placed the proceeds of the check into the safe deposit box of his law partnership, along with property of a client of his law partnership. In August 1987, the respondent removed the cash from the safe deposit box and placed it in a locked cabinet in his law office. By failing to deposit those funds in an escrow account, the respondent failed to segregate client funds, in violation of Code of Professional Responsibility former DR 1-102 (A) (1), (6) and DR 9-102 then applicable.

Upon a review of the evidence adduced and the respondent's admissions, we conclude that Charge Five was properly sustained. We further conclude that the Special Referee was correct in failing to sustain Charges One through Four. The petitioner's motion is, therefore, granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied. The respondent's cross motion is granted.

Therefore, the report of the Special Referee is confirmed and the respondent is censured for his failure to properly segregate client funds.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted, to the extent that it seeks to confirm the report and is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Dennis C. Collins, is hereby censured for his misconduct.